# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:13-mj-253-TWP |
| ) | |
| JESSE WHORTON, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION FOR RECONSIDERATION OF RELEASE ORDER

Before the Court is the Government's motion for reconsideration of release order (Docket No. 10). The Court held a hearing on the motion on April 8, 2013. The Court, being now duly advised, rules as follows.

## I. STANDARD

Pursuant to 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . . The motion shall be determined promptly." The Court conducts a de novo review of the magistrate judge's release or detention order and it need not defer to the magistrate's findings. *E.g.*, *United States v. Levine*, 770 F. Supp. 460, 465 (N.D. Ind. 1991). The court must state in writing the reasons for the detention of a defendant. 18 U.S.C. § 3142(i); Fed. R. App. P. 9(a)(1).

If the Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community, the Court shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1). The Government must prove by clear and convincing evidence that no condition or set of conditions will ensure the

safety of the community. 18 U.S.C. 3142(f).[1]

A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the Court finds that there is probable cause to believe the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). 18 U.S.C. § 3142(e)(3)(A). This presumption shifts the burden of production, but not the burden of persuasion, to the Defendant. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1987). This means that "[a] defendant cannot be detained as dangerous under § 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions will reasonably assure the safety of the community." *Id.* at 706-07 (citations omitted). To rebut the presumption, a Defendant could show that the specific nature of the crimes charged, or that something about his individual circumstances, suggests that "what is true in general is not true in the particular case." *Id.* at 707 (citations omitted). However, once rebutted, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other [relevant] evidence." *Id.*

In considering detention or release, the Court weighs the evidence in accordance with the factors set forth in 18 U.S.C. § 3142(g), and any evidence favorable to the Defendant that comes within a category listed in § 3142(g) can affect the presumption. Factors include the Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol

---

[1] The Government must prove by a preponderance of the evidence that no conditions will reasonably assure the appearance of the defendant. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

abuse, criminal history, and record concerning appearances at court proceedings.

## II. BACKGROUND

The Defendant Jesse Whorton is charged by criminal complaint with possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Mr. Whorton appeared for an initial appearance before United States Magistrate Denise K. LaRue on March 28, 2013. The Government orally moved for pretrial detention and a hearing on the motion was held on April 1, 2013. Following the presentation of evidence, Magistrate Judge LaRue denied the Government's motion for pretrial detention and ordered Mr. Whorton released.

The Government orally moved to stay Mr. Whorton's release pending appeal to this Court and Magistrate Judge LaRue granted that motion. The evidence presented at the April 1, 2013, hearing before Magistrate Judge LaRue, including the Pretrial Services Report ("PS3"), is now before this Court. The relevant evidence presented on April 1, as well as the evidence presented at the April 8 hearing, follows.

Mr. Whorton is a fifty-one year-old male who has resided in Indianapolis his entire life. He does not own a passport and has not traveled outside the United States in the past twelve years. The majority of Mr. Whorton's family resides in Indianapolis.

Mr. and Mrs. Whorton have been married for twenty years and they have four children together, three of whom still live at home. Mrs. Whorton testified that Mr. Whorton helps with laundry, cooking, and caring for the children when he is home. Mrs. Whorton also testified that the family would not be financially able to maintain its current standard of living without him. Mr. Whorton's wife testified that he suffers from high blood pressure and a "skin issue," but he is otherwise "fairly healthy."

Mr. Whorton leases a facility in Indianapolis where he runs a beauty salon called Phase II Beauty Salon. Beauticians pay rent to use booths in Mr. Whorton's facility, which he has maintained since 1999. Mr. Whorton also performs construction work for his stepmother from time-to-time. According to his stepmother, Mr. Whorton is a reliable, good worker.

Pastor Wynne Berry of Judah Life Destiny Church in Indianapolis also testified. Pastor Berry has known Mr. Whorton for thirteen years and Mr. Whorton has been a member of his church for about seven months. Mr. Whorton is a regular attendee at bible studies and worship services. Pastor Berry testified that the church is willing and able to provide substance abuse counseling to Mr. Whorton.

A DEA Special Agent testified to the alleged circumstances leading up to the instant case: On September 3, 2012, Mr. Whorton was speeding in a 35 mile-per-hour zone when an Indianapolis Metropolitan Police Department officer attempted to conduct a traffic stop of Mr. Whorton. Mr. Whorton pulled into a parking lot and the officer pulled in behind him. Mr. Whorton then fled the parking lot; however, he lost control of his vehicle and began hydroplaning and collided with a vehicle in oncoming traffic. The accident disabled Mr. Whorton's vehicle and so mangled the other vehicle that the driver had to be extricated by emergency services.

After the accident, Mr. Whorton fled on foot. The officer pursued Mr. Whorton, who ran into a neighborhood. Officers caught up with Mr. Whorton, but he resisted. When Mr. Whorton was finally apprehended, he was naked from the waist down and carrying a black bag with a substance later confirmed to be cocaine.

After being taken in custody, Mr. Whorton waived his *Miranda* rights and made a statement. He explained that he had been dealing cocaine for approximately twenty years.

4

After the arrest, police searched the Whorton home and found four loaded firearms, three handguns, one shotgun, and approximately $31,500. Mrs. Whorton testified that she did not know of any guns in the home at that time, but she was aware of approximately $9,000 in cash. Officers also searched another home owned by the Whortons and found two firearms, a small amount of marijuana, and an amount of cocaine and cocaine cut. Digital scales were also found in the home.

The Defendant was taken in state custody, but he was later released on bond. Mrs. Whorton testified that her family put up the bond for Mr. Whorton's release. There were no terms of supervision on Mr. Whorton's release from state custody.

Mrs. Whorton also testified that, when U.S. Marshals came to her home to arrest Mr. Whorton on the instant charges, he was not at home. However, Mr. Whorton called a little while later, and Mrs. Whorton informed him that he had to turn himself in. Mr. Whorton did so that day.

Mr. Whorton has a long history of criminal conduct. In addition to numerous arrests after which charges were dismissed or not filed, Mr. Whorton's criminal history includes convictions for battery in 1984, battery with injury in 1988, resisting law enforcement in 1988, another battery in 1988, and resisting law enforcement in 2009.

### III.     DISCUSSION

The Government requests detention on the ground that Mr. Whorton is charged with an offense for which there is a presumption of detention under the Bail Reform Act, and specifically, that Mr. Whorton poses a danger to the community if released.

As an initial matter, it is undisputed that Mr. Whorton has been charged with a crime triggering the rebuttable presumption. In addition, the Court notes that Mr. Whorton waived preliminary examination at the March 28, 2013, hearing, and Magistrate Judge LaRue found probable cause to believe that Mr. Whorton committed the charged crime. Dkt. No. 9.

5

On her review, the Magistrate Judge relied heavily on the fact that it did not appear that Mr. Whorton had engaged in further criminal activity in the time between his release from state custody and his arrest by U.S. Marshals. With regard to the presumption, Mr. Whorton also highlights this fact as evidence that he is not a danger to the community. Mr. Whorton also points the Court's attention to the Presentence Report, in which he is assessed as a "relatively low risk of flight and/or danger."

The Court finds that Mr. Whorton has not met his burden of production on the presumption that no conditions will reasonably assure the safety of the community. Mr. Whorton has not produced any evidence to suggest that the facts of the charged crime differentiate it from other crimes triggering the presumption. Furthermore, while Mr. Whorton has shown that he has a supportive family and church, his twenty-year history of cocaine dealing belies any argument that a supportive family or church could now, after twenty years, somehow mitigate his continued danger to the community.

In support of its argument for detention, the Government contends that the circumstances of Mr. Whorton's arrest, as well as his admitted twenty-year career dealing cocaine, are evidence that the safety of the community can only be reasonably assured by pretrial detention. The Court agrees. Mr. Whorton's several battery convictions, as well as the many arrests in the intervening years, are indicative of the danger Mr. Whorton poses to those around him. Furthermore, the circumstances of his September arrest speak loudly and clearly to his complete disregard for the well-being of others in pursuit of his own criminal goals. In fact, it appears that Mr. Whorton is also willing to hide loaded firearms from his wife, also in furtherance of his criminal activity. Finally, it is undisputed that Mr. Whorton tested positive for marijuana on a recent urinalysis. Such fact gives lie to his assertion that he has not engaged in criminal activity since his release from state

custody. The Government has shown by clear and convincing evidence that the safety of the community can only reasonably be assured by Mr. Whorton's continued detention.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's motion for reconsideration of the release order. Mr. Whorton is hereby ordered **DETAINED** pending trial.

WHEREFORE, Jesse Whorton is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of this Court or request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with Court proceedings.

SO ORDERED: 04/09/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.